UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JULIA WARE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 19-183-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CKF ENTERPRISES, INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The parties have tendered a stipulation and proposed agreed order to stay litigation and toll the statute of limitations. The parties' filing has been docketed as a motion. [Record No. 37] The stipulation and proposed agreed order state that the parties have conferred and agreed to a framework for exploring settlement through alternative dispute resolution, including mediation. Further, the parties indicate that a stay would allow them to focus on the mediation process and would promote judicial economy. They also request that the Court set aside the deadline to conduct the Rule 26(f) meeting and extend the submission deadline for a proposed discovery plan until the stay has been lifted. Having considered the matter, the parties' request will be granted in part and denied in part.

**I.**

The plaintiffs filed a purported class action Complaint, asserting that the defendants have violated the Fair Labor Standards Act ("FLSA") and the Kentucky Wage and Hour Act ("KWHA"). [Record No. 1] They contend that they worked over 40 hours per week as independent contractors for the defendants, but their pay did not include an overtime premium.

[*Id.*] While the plaintiffs assert that they were classified as independent contractors, they contend that the plaintiffs and members of the class are actually employees as a matter of economic reality. [*Id.*]

## II.

### a. The Proposed Stay of the Proceeding

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Additionally, "[t]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Dick v. Sprint Commc'n. Co. L.P.*, 297 F.R.D. 283, 297 (W.D. Ky. 2014) (internal quotations omitted). Because the present case is asserted to be a class action (if subsequently certified), there is a strong public interest in encouraging settlement. Further, staying the proceedings would conserves judicial resources while allowing the parties to attempt settlement through alternative dispute resolution. Accordingly, a stay would promote judicial economy and is in the public and the parties' best interest.

### b. The Proposed Tolling of the Statute of Limitations for the FLSA

The parties also propose that the Court toll the statute of limitations of the FLSA for the length of the stay. The FLSA has a two-year statute of limitations; however, if the violation is willful, the limitations period extends to three years. 29 U.S.C. § 255(a). "The FLSA statutory structure creates inherent hurdles for opt-in plaintiffs because the statute of limitations continues to run for those who haven't yet filed their consent." *In re Amazon.com*, No: 14-md-02504, 2014 U.S. Dist. LEXIS 100716, at *16-17 (W.D. Ky. July 23, 2014).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The decision to equitably toll a statute of limitations must be made on a case-by case basis and should be granted sparingly. *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001).

Because the parties jointly seek to toll the FLSA statute of limitations in the present case, the Court can deduce that the parties believe that tolling "will encourage settlement and lessen concerns about forfeiting the chance to assert certain claims due to settlement discussions." *Sparacino v. Sheperd Communications, Inc.*, No: 3:14-cv-298, 2015 U.S. Dist. LEXIS 17050, at *9 (W.D. Ky. Feb. 12, 2015). While the Court understands this concern, the plaintiffs must demonstrate that the *Pace* factors are satisfied, and they have failed to meet that burden.

The plaintiffs filed this action against the defendants which indicates that they have pursued their rights. However, it is ultimately unnecessary to conclude whether this is sufficient to satisfy the first element of the *Pace* test because the second element has not been briefed. The parties fail to indicate whether some extraordinary circumstance stood in the way of the plaintiffs asserting their claims. Instead, they indicate that they wish to toll the statute of limitations for a specific period of time while they explore the possibility of settlement. While courts encourage settlement (especially in purported class actions), the plaintiffs do not allege deception or wrongdoing by the defendants causing a delay in asserting their FLSA claims. Accordingly, the parties have failed to demonstrate that equitable tolling is appropriate.

Further, this Court specifically rejects tolling for all the putative opt-in plaintiffs. "It appears premature to grant blanket tolling for plaintiffs who are currently hypothetical and have not yet come before this court." *In re Amazon.com*, 2014 U.S. Dist. LEXIS 100716 at *21. While other courts in this circuit have allowed tolling to unknown opt-in plaintiffs, those cases are distinguishable. In many of the cases, the courts had already granted conditional certification or a motion for certification had been pending for a significant period of time. *Id.* at *20-21 (citing *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842, 844, 848-49 (S.D. Ohio Mar. 19, 2013). Because the Court cannot identify the putative opt-in plaintiffs, it cannot determine whether they have diligently pursued their rights or whether some extraordinary circumstance stood in the way.

c. **The Proposed Tolling of the Statute of Limitations for the KWHA**

Finally, the parties request that the Court toll the statute of limitations of the KWHA for the length of the stay. The KWHA does not specify a statute of limitations for wage and hour claims. However, KRS § 413.120(2) provides a five-year statute of limitations for "[a]n action upon a liability created by statute, when no other time is fixed by the statute creating the liability." Because the KWHA does not specifically provide a statute of limitations, it is subject to a five-year statute of limitations. *Ivey v. McCreary Cty. Fiscal Court*, 939 F. Supp. 2d 762, 769 (E.D. Ky. Mar. 29, 2013). Additionally, "[w]hether a limitations period is tolled is an inherent aspect of a state's statute of limitations and, therefore, federal courts are obligated to apply state tolling statutes []." *Perreault v. Hostetler*, 884 F.2d 267, 270 (6th Cir. 1989) (referencing 42 U.S.C. § 1983 actions).

Section 413.190 of the Kentucky Revised Statutes "explains the law in Kentucky with respect to equitable tolling." *Sparacino*, 2015 U.S. Dist. LEXIS 17050, at *14 (quoting

*Commonwealth Labor Cabinet v. Hasken*, 265 S.W.3d 215, 226 (Ky. Ct. App. 2007)). Section 413.090 provides:

> (1) If, at the time any cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, he is absent from it, the period limited for the commencement of the action against him shall be computed from the time of his return to the state.
>
> (2) When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part within which the action shall be commenced. But this saving shall not prevent the limitation form operating in favor of any other person not so acting, whether he is a necessary party to the action or not.

Ky. Rev. Stat. § 413.190(1), (2). Accordingly, this section only applies where the defendants are residents of the Commonwealth of Kentucky.

"The residence of a corporation is regarded as the county in which its chief officer or agent resides when the action is commenced." *Knight v. Pa. R. Co.*, 94 S.W.2d 1013, 1015 (Ky. 1936). The complaint in the present case states that Defendant ExecuTrain is a Kentucky Corporation with its principal office in Lexington, Kentucky, but it fails to assert the county in which its chief officer or agent resides. Additionally, the parties do not indicate the residency of Defendant Crinda Francke.

While the parties do not assert the residency of the defendants, the Court will assume for purposes of this analysis that they are residents of the Commonwealth of Kentucky. However, the parties do not indicate that the defendants are absent from the Commonwealth or are absconding or concealing themselves. Accordingly, the tolling provision does not apply to the present case and the statute of limitations under the KWHA will not be tolled during the stay.

**III.**

Based upon the foregoing, it is hereby,

**ORDERED** as follows:

1. The parties' joint stipulation and proposed agreed order to stay litigation and toll this action which has been docketed as a motion [Record No. 37] is **GRANTED**, in part, and **DENIED**, in part.

2. The parties' joint stipulation to stay the litigation docketed as a motion [Record No. 37] is **GRANTED**. The case shall be **STAYED** until **Friday, October 25, 2019**.

3. The parties' joint stipulation to toll the statute of limitations docketed as a motion [Record No. 37] is **DENIED**.

4. The parties shall file a joint status report regarding the outcome of the mediation efforts on or before **Monday, October 28, 2019**. The Court does not expect to extend this deadline so the parties should proceed accordingly.

5. The deadlines set forth in the Order for Meeting and Report [Record No. 31] are **CONTINUED GENERALLY**.

Dated: July 9, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge