UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Lexington)

| | | |
|---|---|---|
| JULIA WARE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 19-183-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CKF ENTERPRISES, INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs have filed an unopposed motion for certification of the FLSA collective, the Rule 23 class, and final approval of the settlement agreement. [Record No. 75] The Court has reviewed the motion, the settlement agreement, and conducted a final fairness hearing. The undersigned concludes that the parties' settlement is fair, reasonable, and adequate.

For the reasons stated below, the Court will certify the Rule 23 class and collective; approve the proposed settlement; and approve the request for attorney's fees and costs, grant of service awards to the named plaintiffs, and designation of a *cy pres* beneficiary.

I.

Plaintiffs Julia Ware and Ralph Edwards are former consultants for CKF Enterprises, Inc. ("CKF"). They claim that CKF classified them as independent contractors rather than employees, thus failing to pay them adequate overtime and violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Kentucky Wages and Hours Act ("KWHA"), KRS § 337.010 *et seq.* [Record No. 1] They filed one claim individually and on behalf of a collective for violation of the FLSA. [*Id.*] Ware also filed two claims individually and on

behalf of a class for violation of the KWHA pursuant to Federal Rule of Civil Procedure 23 ("Kentucky class"). [*Id.*]

After an attempt at mediation, the parties eventually agreed to a gross settlement amount of $595,000.00, which includes $198,333.33 in attorney's fees, $9,148.88 in costs, and a $5,000.00 service award to each named plaintiff. [Record Nos. 68-2 at ¶ 15(v) and 75-1 at 20] The net settlement amount would be approximately $377,517.79 Plaintiffs have identified 652 consultants as beneficiaries of the settlement agreement. [Record 68-2 at ¶ 15(c)] Out of that total, 530 are members of the FLSA collective and 381 are members of the Kentucky class. [*Id.* at ¶¶ 15(m) and 15(q)] Of those 381 Kentucky class members, 122 are *only* members of the Kentucky class, and 259 are members of both the Kentucky class *and* the FLSA collective. [*Id.*]

Each participant will receive a $100.00 *per capita* in exchange for their applicable release of claims. [*Id.* at ¶ 31(a)] The releases of claims differ among the named plaintiffs, FLSA collective members, Kentucky class members, and those in both the class and collective. [*Id.* at ¶¶ 16-20] Participants will also receive *pro rata* allocations based on alleged uncompensated overtime hours. [*Id.* at ¶¶ 31(b)(i) and 33] The average share for participants is calculated at $883.12. [Record No. 75-2]

The agreement will be effective one business day after the Court's final approval "reaches finality and is no longer appealable." [*Id.* at ¶ 15(g)] Plaintiffs' counsel will mail checks within 15 calendar days, and they will remain valid and negotiable for 180 calendar days. [*Id.* at ¶¶ 36 and 37] After those 180 days, any remaining funds will go to Hope Center, Inc., their chosen *cy pres* recipient. [*Id.* at ¶ 38]

The first unopposed motion for preliminary approval was denied without prejudice. [Record No. 62] Plaintiffs then filed a second unopposed motion for preliminary approval of the proposed settlement agreement. [Record No. 68] The Court conditionally certified the FLSA collective; preliminarily certified the Rule 23 class; appointed a class representative and counsel; and preliminarily approved attorney's fees, costs, service awards, and the *cy pres* beneficiary. [Record No. 70] But due to concerns with the notice forms, the Court declined to approve the proposed agreement or the notices. [*Id.*] Plaintiffs then filed a third motion for preliminary approval of the proposed settlement and approval of the notices. [Record No. 71] After review, the Court preliminarily approved the proposed settlement and approved the notices. [Record No. 72]

After the agreement was preliminarily approved, plaintiffs' counsel self-administered the settlement. They sent out notice, opt-in consent forms, and claim forms to the 652 consultants. They further issued reminder notices, calls, and emails. Ultimately, only four class members requested exclusion, and none objected. Three hundred and thirty-two consultants submitted opt-in consent forms or claim forms, with a total of 402 participants. The plaintiffs have now filed an unopposed motion for final approval. [Record No. 75] They seek approval of their settlement agreement; certification of their FLSA collective and Kentucky class; and approval of attorney's fees, costs, and service awards. [*Id.*]

A final fairness hearing was held on August 26, 2020. The Court discussed the settlement with counsel and invited comment. The parties discussed the terms of the agreement, described how it would be implemented, and addressed the reasonableness of the attorney's fees.

## II.

### a. Notice

Notice must be directed, in a reasonable manner, to any class member who would be bound by a settlement. Fed. R. Civ. P. 23(e)(1). This notice must comport with due process by being "reasonably calculated to reach interested parties." *Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005). And notice must be provided to the class regarding "the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member can enter an appearance through their attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)." Fed. R. Civ. P. 23(c).

Plaintiffs' efforts were reasonable and meet Rule 23's requirements. Counsel sent notice by First Class Mail, issued reminder notices, placed reminder calls, and sent reminder emails. Over fifty percent of the covered consultants have submitted opt-in consent forms or claim forms. And only four have requested to be excluded. Counsel have received no objections to the proposed settlement.

### b. 28 U.S.C. § 1715

The Class Action Fairness Act requires that notice be served on the appropriate federal and state officials within "10 days after a proposed settlement of a class action is filed in court[.]" 28 U.S.C. § 1715(b). Further, "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice

required under subsection (b)." 28 U.S.C. § 1715(d). Notice was filed on May 19, 2020. [Record No. 78] The appropriate officials have not responded to the notice.

### III.

The Rule 23 class was preliminarily certified in this Court's May 12, 2020, Memorandum Opinion and Order. [Record No. 70]. Class certification requires that the class meet all the requirements of Rule 23(a) and Rule 23(b)(3). "The party seeking the class certification bears the burden of proof." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). The parties have stipulated that class certification is warranted. [Record No. 68-2, ¶ 13] The Court will not alter its previous finding that the class is "sufficiently definite." [Record No. 70, p. 12-13]

#### a. Rule 23(a) Prerequisites

Rule 23(a) requires numerosity, commonality, typicality, and adequacy of representation. *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002). First, a class meets the numerosity requirement "[w]hen class size reaches substantial proportions." *In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir. 1996). In such cases, "the impracticability requirement is usually satisfied by the numbers alone." *Id.* The parties have indicated that 381 individuals are members of the class. The proposed class is sufficiently numerous that joinder of all members would be impracticable. *See In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 852 (6th Cir. 2013).

Next, there are common questions of law or fact for the entire class and the class representative's claims are typical of the class. *In re Whirlpool,* 722 F.3d at 853. "A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'"

*Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *In re Am. Med. Sys.*, 75 F.3d at 1082). The named plaintiff and all the Kentucky class members were subject to CKF's independent contractor classification and pay policies, and the common question is whether the potential class members were employees, rather than independent contractors, subject to overtime pay provisions in of the KWHA. *See* KRS § 337.285. Both the commonality and typicality prerequisites are met.

Finally, the Court must "measure the adequacy of the class members' representation based upon two factors: '1) the representatives must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Greenberg v. Procter & Gamble Co.* (*In re Dry Max Pampers Litig.*), 724 F.3d 713, 721 (6th Cir. 2013) (quoting *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 757 (6th Cir. 2013)). Ware, the class representative, is a member of the Kentucky class, has suffered the alleged injuries, and shares the same interests as the class. And the appointed class counsel has provided evidence of extensive experience in class litigation. [Record Nos. 75-2, 75-3, 75-4] Accordingly, the class meets all of the requirements of Rule 23(a).

### b. Rule 23(b)

The plaintiff seeks to certify the class under Rule 23(b)(3) which requires that:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>     (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>     (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

>   (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>   (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). The predominance inquiry requires that a proposed class be "sufficiently cohesive to warrant certification." *Amchen Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). A putative class meets the predominance inquiry when the legal or factual questions in a case are "subject to generalized proof, and thus applicable to a class as a whole." *Sandusky Wellness Center, LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 468 (6th Cir. 2017) (quoting *Amchem Prods, Inc.*, 521 U.S. at 623). Additionally, a class action under Rule 23(b)(3) must be the superior method for fairly and efficiently adjudicating the matter.

The proposed class members share legal and factual issues: whether CKF's classification of them as independent contractors, not employees, violated the KWHA. The issues are likely subject to generalized proof regarding CKF's consultant policies, payroll, and timekeeping records. There is no indication that a class member has begun individual claims, and Ware has conducted a considerable amount of discovery and negotiated a settlement. Additionally, the proposed payouts show the advantages of pooling resources to limit the possibility of inconsistent judgments among class members. A class action is a desirable form of resolving this dispute.

## IV.

Conditional certification of the FLSA collective action was granted in this Court's May 12, 2020, Memorandum Opinion and Order. [Record No. 70] Certification of an FLSA collective occurs in a "two-step process, the first at the beginning of discovery and the second after all class plaintiffs have decided whether to opt-in and discovery has concluded." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (citing *Comer v. Wal-*

*Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)).  The Court will now proceed to the second stage, final certification, where it must "apply a 'stricter standard' and more closely examine 'the question of whether particular members of the class are, in fact, similarly situated.'" *White*, 699 F.3d at 877 (citing *Comer*, 454 F.3d at 547).

Plaintiffs bear the burden of showing that they and the opt-in plaintiffs are similarly situated. *Id.*  While it is undefined in the FLSA, "it is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs."  *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

"[D]istrict courts have based their final-certification decisions on a variety of factors, including the factual and employment settings of the individual[] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual bases, [and] the degree of fairness and procedural impact of certifying the action as a collective action."  *Id.* at 584 (internal quotations omitted).  The FLSA's similarly situated analysis is less stringent than Rule 23's criteria for class certification. *Id.* at 584-85.  In *O'Brien*, plaintiffs alleging that their employer required them to work off the clock and that their employer altered timesheets were similarly situated "because their claims were unified by common theories of defendants' statutory violations, even [though] proofs of [those] theories [we]re inevitably individualized and distinct." *Id.* at 585.

In cases involving settlement of FLSA collective actions, where conditional approval has been granted and certification is uncontested, courts in and out of the Sixth Circuit favor final approval. *Thorn v. Bob Evans Farms, Inc.*, No. 2:12-cv-00768, 2016 WL 8140448 (S.D.

Ohio Feb. 26, 2016); *Castillo v. Morales, Inc.*, No. 2:12-cv-650, 2015 WL 13021899, at *3 (S.D. Ohio Dec. 22, 2015); *see also Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 607 (E.D. Cal. 2015). Accordingly, the "stricter standard" in *Comer* is more readily applicable to cases where certification of the collective action is contested by the defendants. That is not the case here.

CKF has stipulated that the FLSA's certification requirements are satisfied, for purposes of the settlement. [Record No. 68-2, ¶ 13] And the Court found "sufficient evidence under the lenient first stage" based on the declarations of four opt-in plaintiffs. [Record No. 70, p. 10-12] Considering the evidence offered by the plaintiffs, three factors weigh in favor of final certification.

First, the evidence presented at the conditional certification stage exceeded the evidentiary requirements of the lenient stage and showed that the plaintiffs' claims are unified by a common theory: CKF allegedly failed to pay time-and-a-half to consultants who worked in excess of 40 hours. Second, CKF does not oppose final certification of the collective action. This makes it "clear that [CKF] will not seek decertification," and results in the absence of any "argument that the parties are not similarly situated." *Millan*, 310 F.R.D. at 607. And third, Rule 23(b)'s stringent criteria for certification have been satisfied by the Kentucky class based on identical facts and a similar legal question, as described above, so the FLSA's less stringent standard has also been met. *O'Brien*, 575 F.3d at 584-85. In summary, final certification of the FLSA collective action for purposes of settlement is appropriate.

## V.

With the collective and class certified for purposes of settlement, the Court will now address the settlement itself. In doing so, the undersigned must determine: (1) whether the

- 9 -

FLSA settlement is "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-cv-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)); and (2) whether the Rule 23 settlement is fair, reasonable, and adequate, Fed. R. Civ. P. 23(e).

Plaintiffs allege that the consultants should be classified as employees and that they were not appropriately paid overtime. Defendants previously alleged that consultants were properly classified as independent contractors. This action involves a *bona fide* dispute, and the Court's prior determination to that effect should go unchanged. Once a *bona fide* despite has been established, the same standard is used to assess the fairness, reasonableness, and adequacy of a settlement of both class and collective action claims. *Does 1-2 v. Déjà vu Servs., Inc.*, 926 F.3d 886, 894-99 (6th Cir. 2019). Thus, the Court must look to the factors set out in Rule 23(e) and the Sixth Circuit in *Int'l Union, UAW v. Gen. Motors Corp.* ("*UAW*") to determine whether the settlement is "fair, reasonable, and adequate."

### a. Rule 23(e) Factors

The Rule 23(e) factors are:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

First, the class representative and class counsel have adequately represented the class. The parties' attorneys are experienced class action litigators, they conducted mediation and settlement negotiations, and they engaged in review of the consultant's time, pay, and personnel records.

Second, the proposal was negotiated at arm's length. The parties went through extensive negotiations, in addition to engaging in one day of mediation with the assistance of an experienced mediator.

Third, the settlement provided is adequate because it appropriately considers the risk of the litigation in providing a substantial amount of the claimed unpaid overtime wages. Cases involving both FLSA collective action and state law class action claims are complex, and without settlement, the litigation would be lengthy and costly. Additionally, plaintiffs have offered a detailed plan for distributing relief to class members that appears to be effective. There are also no side agreements apart from the settlement agreement itself.

The amount of attorney's fees and costs also is reasonable. The parties have agreed to a common fund fee of one-third of the settlement, or $198,333.33. The Sixth Circuit applies a six-factor test to determine whether attorney's fees are reasonable:

> (1) the value of the benefit rendered to the plaintiff class [ ]; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.

*Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996).

Each factor weighs in favor of reasonableness. Here, the plaintiff class will benefit from an adequate settlement, counsel has spent an estimated 482.3 hours of time [Record No.

75-1, p. 21], the award incentives future class counsel to take such cases, and counsel are experienced class action litigators. Additionally, one-third fee awards have been found reasonable in similar cases. *See Ware v. CKF Enters., Inc.*, No. 5: 19-cv-183-DCR, 2020 WL 2441415, at *16 (E.D. Ky. May 12, 2020) (collecting cases). The agreed upon fees are reasonable and weigh towards adequacy under Rule 23(e).

Finally, the class members are treated equitably in comparison to other members of the class. Each Kentucky class member will receive a $100 *per capita* payout and a *pro rata* allocation based on the number of hours they were allegedly uncompensated. And each release of claims correlates with whether the plaintiff is also an FLSA opt-in plaintiff. Accordingly, the Rule 23(e) factors support that the settlement is fair, reasonable, and adequate.

### b. *UAW* Factors

The Sixth Circuit factors in determining whether a settlement is fair, reasonable, and adequate are:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest

*UAW*, 497 F.3d at 641. In weighing all seven factors, the likelihood of success on the merits is the most important. *Déjà Vu Servs., Inc.*, 925 F.3d at 895 (citing *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011). It will be considered first, followed by the remaining factors.

First, comparing the uncertainty of success on the merits with the release of claims and the relief afforded by the settlement, the most important factor weighs in favor of approval. The Court "cannot judge the fairness of a proposed compromise without weighing the

- 12 -

plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement." *UAW*, 497 F.3d at 631 (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 (1981)). Success on both the FLSA and KWHA claims depends on whether plaintiffs are employees or independent contractors. On both claims, the likelihood of success is difficult to predict. Plaintiffs' point to CKF's ability to raise defenses or dispute certification, which could limit recovery. [Record No. 75-1, p. 11-12] In light of these risks, the proposed payment is substantial, and the release of claims is appropriate.

Second, the settlement agreement was the result of arms-length negotiations by qualified counsel and there is no indication that there was any fraud or collusion. Without contrary evidence, the Court may presume there was no fraud or collusion. *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521 (E.D. Ky. 2010) (citing *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008)).

Third, the complexity, expense, and likely duration of litigation weigh in favor of settlement. As noted, actions involving overlapping FLSA and state law claims are inherently complex. Settlement allows the parties to avoid the burden and expense of trial, expensive discovery, and protracted motions practice. The parties note that without settlement, there is a risk of lengthy, protracted litigation.

Fourth, the parties' participation in the discovery process weighs in favor of settlement. CKF produced payment records and timekeeping data, which was review by plaintiffs. While a significant amount of discovery would remain without settlement, the discovery completed prior to mediation sufficiently defined the class and valued the claims.

Fifth, class counsel state that the proposed settlement will provide substantial benefit to the class members. "The judgment of class counsel that settlement is in the best interest of

the class is entitled to significant weight, and supports the fairness of the class settlement." *Peck v. Air Evac EMS, Inc.*, 2020 WL 354307, at *6 (E.D. Ky. Jan. 21, 2020) (internal quotation omitted).

Sixth, the reaction of absent class members weighs in favor of the settlement. Fifty percent of consultants have submitted opt-in forms or claim forms, and counsel have received no objections to the proposal and only four requests for exclusion.

Finally, the public interest also weighs in favor of settlement. Complex actions like this are "notoriously difficult and unpredictable." *Déjà Vu Servs.*, 925 F.3d at 899 (quotation omitted). While full enforcement of the FLSA is also a strong public interest, the complexity of the case and conservation of resources weigh in favor of settlement. Accordingly, both the 23(e)(2) and *UAW* factors point to one conclusion: the settlement is fair, reasonable, and adequate.

## VI.

### a. Attorney's Fees & Costs

As outlined above, counsel's requested fees are reasonable under Rule 23. Additionally, attorney's fees and costs are mandatory under the FLSA. 29 U.S.C. § 216(b). But the ultimate amount "is within the discretion of the judge" and must be reasonable. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). In cases involving overlapping FLSA collective action and Rule 23 class action claims, the Sixth Circuit has provided the same analysis. *Déjà Vu Servs.*, 925 F.3d at 898. The Court does so here as well and finds the one-third common fund fees reasonable under the FLSA. The Court likewise finds the proposed costs ($9,148.88 in out-of-pocket expenses and settlement administration costs) are reasonable under the FLSA.

### b. Service Awards

The proposed agreement entitles each named plaintiff to a $5,000.00 service award. Courts in the Sixth Circuit have considered the named plaintiffs' actions in protecting the class, the resulting benefits to the class, the risks assumed by the named plaintiffs, and the time and effort spent by the named plaintiffs, among other factors. *See Ware*, 2020 WL 2441415, at *17 (collecting cases). Plaintiff's have provided valuable information to counsel and taken a risk as to their future employment. This service, viewed in comparison to their release of claims and the modest award, weighs in favor of approval.

### c. *Cy Pres* Beneficiary

The parties' proposed agreement also designates the Hope Center, a Kentucky nonprofit, as a *cy pres* beneficiary to receive any remaining, unclaimed funds 180 days after their issuance. Plaintiffs have included *cy pres* information in their notices and the potential allocation will be *de minimis*. Accordingly, this portion of the agreement is reasonable.

### VII.

In summary, the notice provided was appropriate. Further, the settlement amount, attorney's fees, costs, and service awards are fair, reasonable, and adequate. And as outlined more fully above in in prior opinions filed in this case, the settlement is fair, reasonable and appropriate. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiffs' motion for final approval of the amended settlement agreement [Record No. 75] is **GRANTED**.

2. The settlement agreement is **APPROVED**.

3. The provisionally certified Kentucky class is now finally certified pursuant to Federal Rules 23(a) and (b)(3) of the Federal rules of Civil Procedure for purposes of settlement only.

4. The conditionally certified FLSA collective is now finally certified pursuant to 29 U.S.C. § 216(b) for purposes of settlement only.

5. The attorney's fees, costs, and service awards provided for in the proposed agreement are **APPROVED**.

6. The *cy pres* beneficiary is **APPROVED**.

Dated: August 26, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky